UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                             DECISION AND ORDER
                                                                                 12-CR-112

MICHAEL GERACE,

                     Defendant.

---

*Introduction*

Currently before the Court is Defendant Michael Gerace's ("Defendant") motion to stay his sentence pending appeal. On May 7, 2012, Defendant pled guilty to a one-count indictment charging tax evasion in violation of Section 7201 of Title 26 of the United States Code for which the maximum possible sentence is a term of imprisonment of five years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of three years. On September 18, 2012, this Court sentenced Defendant to a term of imprisonment of 21 months.[1] The Court granted Defendant voluntary surrender.

Defendant filed a notice of appeal of his sentence on October 9, 2012. Three days later, on October 12, 2012, Defendant made the instant motion to

---

[1] Defendant was also ordered to make restitution to the Internal Revenue Service in the amount of $175,710.00 and is subject to a three year term of supervised release upon release from prison.

stay his sentence pending the appeal. The Government filed a memorandum objecting to Defendant's request for a stay and the Defendant filed a reply to the Government's response. The Court deemed the matter submitted. For the reasons that follow, Defendant's motion for a stay of his sentence pending the appeal is denied.

*Discussion*

Title 18 of the United States Code allows a Court to stay the imposition of a sentence of imprisonment pending appeal provided: (1) a notice of appeal has been filed; (2) there is a finding by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community; (3) there is a finding that the appeal is not for purpose of delay; and (4) there is a finding that the appeal will raise a substantial question of law or fact likely to result in a sentence that does not include a term of imprisonment, or a sentence shorter than the duration of the appeal. *See* 18 U.S.C. §3143(b). Since the Defendant has waived his right to appeal, and Defendant's appeal is not likely to result in a sentence that does not include imprisonment or a sentence shorter than the duration of an appeal, Defendant's motion for a stay is denied.

Defendant's Plea Agreement contained an Appeal Waiver section which expressly stated that Defendant waived his right to appeal a sentence which fell within or was less than the sentencing range set forth in Paragraph 13 of his Plea Agreement. Paragraph 13 of the Plea Agreement provided two potential ranges

for Defendant's sentence. Specifically, Paragraph 13 states: "[i]t is the understanding of the government and the defendant that, with a total offense level of 15 and a criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 18 to 24 months...[w]ith a total offense level of 13 and a criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 12 to 18 months."

Thus, according to the terms of his Plea Agreement, Defendant waived his right to appeal if his sentence fell within either the 12 to 18 month range, or the 18 to 24 month range. This Court sentenced the Defendant to a term of imprisonment of 21 months, which was within the higher range specifically contemplated by Paragraph 13 of the Plea Agreement. Since the Defendant waived his right to appeal the sentence imposed by this Court, his motion for a stay is denied.

Defendant contends that he did not waive his right to appeal a sentence within the 18 to 24 month guideline range. However, the Court finds that based upon the language of the Plea Agreement[2] and the plea colloquy conducted by this Court pursuant to Federal Rule of Criminal Procedure 11 on May 7, 2012,

---

[2]Paragraph 19 of the Plea Agreement, signed by Defendant, states: "The defendant understands that Title 18, the United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, paragraph 13, above, notwithstanding the manner in which the Court determines the sentence."

3

during which time the Court acknowledged that Defendant waived his right to appeal and Defendant did not object or ask for clarification, Defendant did in fact waive his right to appeal a sentence within the 18 to 24 month guideline range.

Moreover, even if Defendant had not waived his right to appeal, Defendant's motion for a stay still must be denied since he cannot show that his appeal will likely result in a sentence that either does not include prison time or would be shorter than the duration of the appeal. Defendant's papers indicate that he intends to argue, on appeal, that this Court erred in applying a two-level enhancement for obstruction of justice pursuant to Section 3C1.1 of the Sentencing Guidelines. If Defendant's appeal were successful, his total offense level would be 13 and his applicable guideline range would be 12 to 18 months. A sentence of 12 to 18 months imprisonment is not less than the expected duration of his appeal.

Finally, Defendant is correct that without the enhancement for obstruction of justice his guideline range falls within a sentencing Zone C, which permits a Court to sentence a defendant to community confinement or home detention. However, in determining Defendant's sentence, this Court considered imposing a sentence that included home detention or community confinement and found it to be insufficient to comply with the purposes of sentencing set forth in Section 3553(a)(2) of Title 18 of the United States Code.

Here, Defendant deliberately failed to report over $500,000 in business income over a three year period. To facilitate this scheme, he maintained a false set of books and records that included only a portion of the revenue generated by his business. The factual basis of the Plea Agreement as well as the probation officer's investigation, indicate that Defendant, suspecting that an IRS investigation was imminent, removed, destroyed or otherwise concealed the correct set of books in order to frustrate the investigation. Because our federal tax system relies on voluntary compliance, all individuals and business owners must accurately and honestly report their income and pay their fair share of federal income taxes. Defendant hid a substantial sum of money over a long period of time, created false records, and then purposefully concealed or otherwise destroyed evidence of his crime. It was the judgment of this Court that a sentence of 21 months imprisonment, rather than one involving home confinement, was needed to reflect the seriousness of Defendant's offense, to promote respect for the law, to provide just punishment, and to afford an adequate deterrence to similar conduct. Therefore, even if Defendant's appeal were successful and his guideline range became 12 to 18 months, it was the judgment of this Court that a sentence of 21 months imprisonment would be the least sufficient to satisfy the purposes of sentencing and is a reasonable sentence considering the seriousness of his tax fraud.

*Conclusion*

For the reasons stated herein, Defendant's motion to stay his sentence pending the appeal is denied.

SO ORDERED.

                                              _____
                                              HONORABLE RICHARD J. ARCARA
                                              UNITED STATES DISTRICT JUDGE

DATED: November 8, 2012